**STATE of Missouri, Respondent,**

v.

**Thomas D. HALBROOK, Appellant.**

**No. ED 74788.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 23, 2000.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Greg A. Perry, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

■ Halbrook appeals from the hearing court's order denying his application for unconditional release under Section 552.040, RSMo Cum.Supp.1998.[1] Halbrook contends the hearing court erred in denying his application for unconditional release. Halbrook argues the hearing court erred by not making specific findings on whether he suffered from a mental disease or defect at the time of the hearing. This court issued its original opinion on July 27, 1999, remanding the case for a specific finding whether Halbrook suffered from a mental disease or defect. The Supreme Court accepted the State's application for transfer and has retransferred the case to this court for reconsideration in light of its recent decision, *State v. Revels*, 13 S.W.3d 293 (Mo. banc 2000). We must follow the Supreme Court's recent decision and we now affirm.

In February 1995, Halbrook was charged with the crimes of assault in the second degree, Section 565.060, RSMo

---

1. The order is appealable under Section 512.020, RSMo 1994. *State v. Montague,* 510 S.W.2d 776, 777 (Mo.App.1974).

1994; armed criminal action, Section 571.015, RSMo 1994; robbery in the first degree, Section 569.020, RSMo 1994; and resisting arrest, Section 575.150, RSMo 1994. At the time of his arrest, he was evaluated and diagnosed as having the mental disease of bipolar disorder with psychotic features. In March 1995, he pled not guilty by reason of mental disease or defect excluding responsibility to those charges and was committed to the custody of the Missouri Department of Mental Health.

Halbrook applied for an unconditional release in January 1998. At the hearing, Dr. Bruce Harry, Halbrook's treating psychiatrist since July 1997, testified concerning Halbrook's present mental state. Prior to the hearing, the court granted an independent psychiatric evaluation performed by Dr. Daniel Birmingham. Both doctors concluded Halbrook was in remission. Dr. Harry defined remission as "a person who has a mental illness [but] is not having any symptoms and has not had any for an extended time." The hearing court denied Halbrook's application for an unconditional release.

Halbrook contends the hearing court erred by denying an unconditional release without making a specific finding on whether or not he had a mental disease or defect at the time of the hearing. We disagree.

■ The standard of review of the denial of an unconditional release is the same as that applied to appellate review of judgments following a bench trial. *State v. Tooley*, 875 S.W.2d 110, 114 (Mo. banc 1994). The judgment of the trial court will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Halbrook sought an unconditional release under subsections 5 through 9, and 20 of Section 552.040, RSMo Cum.Supp. 1998. Subsection 9 requires the court to make specific determinations and findings when granting an unconditional release.

*Revels*, at 295. Subsections 5 through 9, and 20 of Section 552.040 do not require the court to make specific findings when denying an unconditional release. *Id.*

■ Furthermore, Halbrook failed to request specific findings. Rule 73.01(a)(3), now Rule 73.01(c), requires the request for specific findings to be made on the record "before the introduction of evidence at trial or at such later time as the court may allow." When neither party requests specific findings of fact, we can consider all factual issues as being decided in accordance with the result reached by the hearing court. *Revels*, at 296; *State v. Tooley*, 875 S.W.2d 110, 111 n. 1 (Mo. banc 1994).

■ There is no requirement that the hearing court make specific findings that an insanity acquitee is suffering from a mental disease or defect before denying an unconditional release, unless findings are requested in accordance with Rule 73.01(c). *Revels*, at 296. The hearing court was not required to make specific findings in this case, and thus did not erroneously declare or apply the law.

The denial of unconditional release is affirmed.

KAROHL, J., and BLACKMAR, Sr. J., concur.